The Chief Justice
delivered the opinion of the court.
On the 26th of October, 1805, Davis Floyd and William Chambers executed a cpvena.n io John Harrison, binding themselves to indemnity said Harrison, “for the en *384 “dorsement made by him on a bill of exchange, draw*] by “Benjamin Hovey in favor of Prather and Smiley, for the “sum of three hundred and forty three dollars fifty eight “cents.” On this covenant, Harrison brought his action against Floyd and Chambers, averring, in substance, in his declaration, that the said bill of exchange in the covenant .mentioned, was, on the 14th of September, 1805, at Louisville, drawn by Benjamin Hovey, on Uriah Tracy, at the city of Washington, for the sum of $14358, payable to said Harrisotidhe 1st of January, 1806, and was, on the 6th of May, 1806, endorsed by said Harrison to Prather and Smiley; that the said bill was, on the 4th of January* at Washington city, protested for non-payment; and after-wards, on the day of , returned to said Harrison,, whereby he became liable to pay, and did pay, the amount of said bill, with costs of protest, damages, &c.; and that the said Floyd and Chambers did not indemnify him for his endorsement aforesaid.
, The sheriff having returned the writ executed upon Chambers, and that Floyd was no inhabitant- of his county, the suit was abated as to Floyd, and Chambers appeared and filed a demurrer to the declaration and several pleas. The demurrer was overruled, and the issues joined upon the pleas being decided against him, he has brought the case to this court by writ of error.
The only question we suppose necessary to be decided in this case is, whether the declaration is sufficient or noC
It is contended that the declaration is insufficient, because the bill of exchange mentioned in the covenant and that stated in the declaration, on account of the endorsement of which Harrison has been made liable, are; not the same, inasmuch as the former is, in the covenant, described t# be the drawee in favor of Prather and Smiley, and the latter is payable to ‘Harrison. It cannot, however, we apprehend, be inferred from this circumstance alone, that the bill a'ledged in the declaration is not the same as that mentioned in the covenant. A bill of exchange,-though made payable to one, may, in fact, be drawn for the benefit of another. This, we apprehend, js often the case in the course of mercantile' transactions, and when a bill is so drawn, we can perceive no absolute impropriety in saying that it is drawn in favor of tbe person for who^e Benefit it is made; at least, there cannot be such an incongruity between the expression and the idea of a bill thus drawn, *385 that it must be supposed, though the bill be otherwise correctly described, that the expression has relation to some other bill.
Lillell for appellant, Hardin and Wickliffe for appellee.
But it is further objected, that the endorsement alledged in the declaration, whereby Harrison became liable, is not within the terms of the covenant declared on. This objection, we apprehend, must be deemed fatal. The covenant was made on the 26th of October, 1805, and purports to bind Floyd and Chambers to indemnify Harrison for the endorsement made by him, and the endorsement whereby Harrison became liable, is alledged to have been made by him on the 6th of May, 1806, some months after the date of the covenant. As the. terms of the covenant plainly apply only to an endorsement which was then in existence, there is no principle upon which the covenant can be construed to render Floyd and Chambers responsible on account of an endorsement thereafter made.
Judgment must be reversed with costs, and the cause remanded, that the plaintiff may have leave to amend his declaration if he should apply therefor, and other proceedings to be had, not inconsistent with the foregoing opinion.